## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ALFRED DEAL (#96506)**                                    **CIVIL ACTION NO.**

**VERSUS**                                                  **22-707-JWD-SDJ**

**LOUISIANA DEPT. OF CORRECTIONS,**
**ET AL.**

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on April 10, 2024.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ALFRED DEAL (#96506)**                    **CIVIL ACTION NO.**

**VERSUS**                                   **22-707-JWD-SDJ**

**LOUISIANA DEPT. OF CORRECTIONS,
ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss filed by the Defendants, the Department of Public Safety and Corrections ("LDPS&C"); Tim Hooper; Liondell Minor, Jr.; and Carlton Nettles, who move for dismissal of this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] The Motion is unopposed. For the following reasons, it is recommended that the Motion be granted and also that the non-moving Defendants, Jarvis Calahan, Keenen Lutcher, and Lakeshea Jackson, be dismissed *sua sponte*.

### I.     Background

Alfred Deal instituted this action on or about October 3, 2022, against the LDPS&C; Tim Hooper; Carlton Nettles; Jarvis Calahan; Keenen Lutcher; Liondell Minor, Jr.; and Lakeshea Jackson pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights.[2] The LDPS&C, Hooper, Minor, and Nettles ("Movants") were served, but Calahan, Lutcher, and Jackson ("Non-Movants") have not yet been served. Deal seeks injunctive and monetary relief.[3]

---

[1] R. Doc. 21.
[2] R. Doc. 1.
[3] R. Doc. 1, p. 7.

**II.     Law & Analysis**

   **a. Standard of Review**

In *Bell Atlantic Corp. v. Twombly*[4] and *Ashcroft v. Iqbal*,[5] the Supreme Court clarified the standard of pleading that a plaintiff must meet to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[6] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"[9] "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[10]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court "must accept as true all of the factual allegations contained in the Complaint."[11] Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[12] Moreover, the federal pleading rules simply require a "short and plain statement of the claim showing that the

---

[4] 550 U.S. 544 (2007).
[5] 556 U.S. 662 (2009).
[6] *Twombly,* 550 U.S. at 555.
[7] *Iqbal,* 556 U.S. at 678, (quoting *Twombly*, 550 U.S. 544).
[8] *Id.*
[9] *Id.* at 679.
[10] *Id.* at 678 (internal quotation marks omitted).
[11] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[12] *Id.* (citation omitted).

pleader is entitled to relief."[13] The task of the court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted.[14] Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation,"[15] or "naked assertions [of unlawful conduct] devoid of further factual enhancement."[16]

### b. Deal failed to Exhaust Administrative Remedies Prior to Filing Suit

Defendants argue that it is evident from the face of the Complaint that Deal failed to exhaust administrative remedies prior to filing the Complaint, rendering it subject to dismissal under 42 U.S.C. § 1997e.[17] The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[18] The PLRA's exhaustion requirement is mandatory, and unexhausted claims may not be brought in federal court.[19] When a prisoner fails to exhaust his administrative remedies, he fails to state a claim upon which relief may be granted.[20]

In Louisiana, an inmate must follow a two-step Administrative Remedy Procedure process to exhaust administrative remedies before filing suit in federal court. The ARP process is found in the Louisiana Administrative Code under Title 22, Part I, § 325. An inmate begins the ARP process by completing a request for administrative remedy or by writing a letter to the warden. An ARP screening officer screens the inmate's request and either accepts the request or rejects it for one of the allowed reasons. A request rejected during the screening process cannot be appealed to the

---

[13] Fed. R. Civ. P. 8(a)(2).
[14] *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).
[15] *Papasan v. Allain*, 478 U.S. 265, 286 (1986)
[16] *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).
[17] R. Doc. 21-1, pp. 5-7.
[18] 42 U.S.C. § 1997e(a).
[19] *Jones v. Bock,* 549 U.S. 199, 211 (2007).
[20] *Hicks v. Garcia*, 372 Fed.Appx. 557, 558 (5th Cir. 2010).

second step.  If a request is accepted at the screening level, the warden must respond on a first-step response form within forty (40) days of receipt of the request (five days for a complaint under the Prison Rape Elimination Act).  If an inmate is not satisfied with the first-step response, he may proceed to the second step of the ARP process by appealing to the Secretary of the Department of Corrections.  The DOC Secretary must issue a response within forty-five (45) days from the date the second-step request is received, using a second-step response form.  An inmate dissatisfied with the second-step response may file suit.  Whether or not a second-step response is received, once ninety days have passed from the date the inmate begins the ARP process, unless an extension has been granted, the inmate may file suit.

*Jones v. Bock* is the seminal case concerning dismissal of prisoner complaints pursuant to § 1997e prior to service under §§ 1915(e) and 1915A.  In this Circuit, it is also true that, in terms of dismissals under 28 U.S.C. §§ 1915(e) and 1915A, district courts cannot "sidestep *Jones* by requiring prisoners to affirmatively plead exhaustion."[21]  This prohibition includes questions in "form complaint[s]" issued by district courts that are designed to elicit "information about [a prisoner's] exhaustion of administrative remedies."[22]  At least one Court in this Circuit has found that the above reasoning dictates that a Complaint may not be dismissed when the affirmative defense of failure to exhaust is put forth in a motion to dismiss if the motion relies on the inmate-plaintiff's answers to form questions.[23]  The undersigned respectfully disagrees with this conclusion.

*Jones* did make clear that failure to exhaust administrative remedies is an affirmative defense, and district courts cannot require inmate-plaintiffs to specifically plead exhaustion *for*

---

[21] *Carbe v. Lappin*, 492 F.3d 325, 327–28 (5th Cir. 2007).
[22] *Torns v. Miss. Dep't of Corrs.*, 301 F. App'x 386, 389 (5th Cir. 2008) (unpublished per curiam).
[23] *Robinson v. Dallas Cnty. Jail Facility*, No. 19-01507, 2020 WL 7700616, at *2 (N.D. Tex. Nov. 19, 2020), *report and recommendation adopted*, No. 19-1507, 2020 WL 7698756 (N.D. Tex. Dec. 28, 2020).

4

*purposes of screening*. However, *Jones* is silent regarding what information from the face of the complaint may be utilized when the court has ordered service, and Defendants have asserted the defense of failure to exhaust. Further, the rule in this Circuit prohibiting district courts from sidestepping *Jones* by asking questions regarding exhaustion is also only targeted at preventing dismissal at the §§ 1915(e) and 1915A screening stage. This case is now past the screening stage, and the affirmative defense has been put forth, but it relies on answers to questions on the § 1983 form complaint for this Court.

Other Courts have found that, at this stage, it is appropriate to dismiss a case, even if the information pertaining to exhaustion was elicited by questions on a form complaint. For example, in *Session v. Ware*, Defendants filed a Motion to Dismiss for failure to exhaust and pointed to the fact that the plaintiff had checked "No" in response to the form question asking if he had exhausted all steps of the institutional grievance procedure.[24] Based thereon, the Court granted the Defendants' Motion to Dismiss and dismissed the case for failure to exhaust.[25] Similarly in *Branough v. Moore*, the court pointed to the fact that the defendants had pled the affirmative defense of exhaustion in the motion to dismiss and that in Section III of the form complaint, the plaintiff had checked "No" to the question of whether he exhausted.[26] The same scenario is presented here: the Court did not dismiss the Complaint on screening, but Defendants have pled the affirmative defense of failure to exhaust based upon Deal's answers to questions in the form complaint, specifically, his response that he took the first step of the grievance process and that the grievance was rejected.[27] As noted by Defendants and outlined above, there are two steps to

---

[24] 2021 WL 1241136, at * 3 (W.D. Tex. Feb. 25, 2021).
[25] *Id.*
[26] 11-823, 2012 WL 7827566, at *2–3 (E.D. Tex. Aug. 28, 2012), *report and recommendation adopted*, 11-823, 2013 WL 1309911 (E.D. Tex. Mar. 28, 2013). Though not entirely clear from the report and recommendation in *Branough*, the lack of exhaustion was wholly elicited from the question on the form complaint, which was verified by checking the complaint in the docket for the case.
[27] R. Doc. 1, p. 3.

5

the grievance process, and a rejected grievance cannot proceed to the second step. Further, Deal commented that he only took the first step in the grievance process. Accordingly, the Motion to Dismiss should be granted, and because the non-movants are similarly situated to the movants, the non-movants should be dismissed from this action *sua sponte*, rendering Deal's Complaint subject to dismissal in its entirety for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e.[28]

## RECOMMENDATION

**IT IS RECOMMENDED** that the Motion to Dismiss[29] filed by the Louisiana Department of Public Safety and Corrections; Tim Hooper, Liondell Minor, Jr.; and Carlton Nettles be **GRANTED** and that Plaintiff's claims against these Defendants be **DISMISSED, WITHOUT PREJUDICE**, for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e**.**

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against Jarvis Calahan, Keenen Luther, and Lakeshea Jackson be **DISMISSED, WITHOUT PREJUDICE** *sua sponte*, resulting in dismissal of this action in its entirety.

Signed in Baton Rouge, Louisiana, on April 10, 2024.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　**SCOTT D. JOHNSON**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

---

[28] Though there are three non-movant Defendants in this action, courts possess the authority to *sua sponte* dismiss a party or expand upon the grounds for dismissal urged by movants as long as the adverse parties receive notice and a chance to respond. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Spann v. Woods*, 66 F.3d 322 (5th Cir. 1995) (unpubl.) (district court *sua sponte* dismissed claims under 12(b)(6) although the defendants never filed a motion to dismiss, nor did they plead failure to state a claim in their answer). This report and recommendation provides adequate notice to Deal. *McCoy v. Wade*, No. 06-2292, 2007 WL 1098738, at *1 (W.D. La. Mar. 12, 2007). Because the non-movants are similarly situated to the movants, it is appropriate to dismiss the non-movants for the same reasons. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (citations omitted). The Court has also taken into account the fact that Deal did not file an opposition to the instant Motion, nor has he taken any action in this case since he served the Defendants, nearly one year ago. This period of inaction also renders the action subject to dismissal under Local Rule 41.
[29] R. Doc. 21.